IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

ASHLEY HARRIS,                                    Civ. No. 6:25-cv-01455-AA

                Plaintiff,                  **OPINION & ORDER**

    v.

PEACE HEALTH RIVERBEND

                Defendants.

_____

AIKEN, District Judge.

    Self-represented Plaintiff Ashley Harris seeks leave to proceed *in forma pauperis* ("IFP") in this action. For the reasons set forth below, Plaintiff's IFP Petition, ECF No. 2, is GRANTED. However, the Complaint, ECF No. 3, is DISMISSED with leave to amend and without service on Defendants. Plaintiff's Motion for Appointment of Counsel, ECF No. 4, is DENIED. Plaintiff's Motion to Seal, ECF No. 1, is DENIED.

## LEGAL STANDARD

    Generally, all parties instituting any civil action in United States District Court must pay a statutory filing fee. 28 U.S.C. § 1914(a). However, the federal IFP statute, 28 U.S.C. § 1915(a)(1), provides indigent litigants an opportunity for meaningful access to federal courts despite their inability to pay the costs and fees associated with that access. To authorize a litigant to proceed IFP, a court must make

two determinations.  First, a court must determine whether the litigant is unable to pay the costs of commencing the action.  28 U.S.C. § 1915(a)(1).  Second, it must assess whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915(e)(2)(B).

Self-represented pleadings are held to less stringent standards than pleadings by attorneys.  *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  That is, the court should construe pleadings by self-represented plaintiffs liberally and afford the plaintiffs the benefit of any doubt.  *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988).  Additionally, a self-represented litigant is entitled to notice of the deficiencies in the complaint and the opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment.  *Id.*

Federal courts are courts of limited jurisdiction. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (U.S. 1978). As such, a plaintiff is required to include "a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a). A court should also assess its own jurisdiction, and "if the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.' Fed. R. Civ. P. 12(h)(3).

The most common forms of jurisdiction are (1) federal question jurisdiction and (2) diversity jurisdiction. 28 U.S.C. §§ 1331-32. Federal question jurisdiction encompasses "civil actions arising under the Constitution, laws, or treaties of the United States." § 1331. Diversity jurisdiction is achieved if

(1) "the matter in controversy exceeds the sum or value of $75,000" and (2) the matter "is between ... citizens of different States." § 1332.

In analyzing a Motion to Seal, "[i]n [the Ninth Circuit], we start with a strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331, F.3d 1122, 1135 (9th Cir. 2003). Courts may seal documents "given sufficiently compelling reasons" to do so. *Id.* In determining whether reasons are sufficiently compelling, courts look to relevant factors, which include:

> [The] public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets.... After taking all relevant factors into consideration, the district court must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture.

*Id.*

## DISCUSSION

When assessing an IFP petition, the Court first must determine whether a plaintiff has made a sufficient showing of indigency. Here, Plaintiff's application is not entirely clear on her monthly expenses as compared to debts and financial obligations. But the inclusion of more details on her expenses could only support her application, and the Court is satisfied with Plaintiff's showing of indigency, ECF No. 2, and the petition is GRANTED.

Plaintiff's Complaint, ECF No. 3, suffers from two clear defects. First is the question of this Court's jurisdiction. Fed. R. Civ. P. 8(a)(1). Second is the lack of demand for relief. *Id.* 8(a)(3).

The Court starts with Plaintiff's statement of jurisdiction. Plaintiff selected "Federal Question" on the self-represented complaint form she used. When asked by the form to list the specific federal statute, she listed "Fed. R. Civ P. 7(a) and LR 5-13 and LR 10-3." The Federal Rules of Civil Procedure and the Local Rules of the District of Oregon are procedural rules, not statutes, and cannot be the substantive basis for federal question jurisdiction. *See Owen Equip. & Erection Co.*, 437 U.S. at 370 ("[I]t is axiomatic that the Federal Rules of Civil Procedure do not create or withdraw federal jurisdiction.").

The lack of a specifically cited statute or Constitutional provision is not fatal to the question of federal question jurisdiction. In a self-represented matter, the Court looks to the rest of the complaint to determine whether there is a clear basis for jurisdiction.

Plaintiff includes two sentences to explain her situation. First, "The medicine made me blackout." Compl. III. Second, "They injected me four times on the rear to 'calm' me down but it was too strong and blacked out woke up in a foreign location with zero memory." Compl. IV.

What Plaintiff describes sounds in tort. Plaintiff seems to allege a battery by Peace Health (the lack of consent is not explicit, but Plaintiff includes a purpose—to "calm [her] down"—which, to the Court, raises the question of whether she consented to the injections). Plaintiff also seems to allege medical malpractice related to improper dosage that resulted in her "black[ing] out."

Neither of those claims is clearly federal in nature, and both fail to raise a federal question that would give this Court subject matter jurisdiction over this case.

Plaintiff does not plead diversity jurisdiction. To do so, Plaintiff would have to show that she and Defendant are citizens of different states and that the amount in controversy is over $75,000. Here, Plaintiff includes no demand in her complaint, meaning there is no clear amount in controversy. *See* Compl. Furthermore, it is not clear from the Complaint that the named Defendant is a citizen of a state other than Oregon, which is essential for diversity jurisdiction.

Because of the lack of subject matter jurisdiction, Plaintiff's complaint is DISMISSED with leave to amend.

Should Plaintiff determine this federal forum is appropriate for her claims, she must adequately show that this Court has subject matter jurisdiction, such as a federal question or based on diversity of citizenship.

Plaintiff must also include a demand for relief in her amended complaint, if she chooses to file one. The demand need not particularize and categorize each kind of relief she seeks, but she must seek relief of some sort grantable by this Court and, if her amended complaint alleges diversity jurisdiction, she must allege a sufficient amount in controversy.

Plaintiff may take this opportunity to expand on her statement of the claim. Plaintiff should bear in mind that the Court knows nothing of her situation other than what she includes in her complaint.

Plaintiff has also filed a Motion for Appointment of Pro Bono Counsel, ECF No. 4, stating "…I need help with following civil procedure and I'm scared of someone being drugged and kidnapped by those drugs in the wrong hands."

There is no constitutional right to counsel in a civil case. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 801 (9th Cir. 1986). However, pursuant to § 1915, this Court has discretion to request volunteer counsel for indigent parties in exceptional circumstances. *Wood v. Housewright*, 900 F.2d 1332, 1335 (9th Cir. 1990). Here, Plaintiff has not shown exceptional circumstances. Plaintiff does not explain any specific reasons why she needs assistance with civil procedure that would distinguish her from any other self-represented plaintiff. Additionally, her fear that an unnamed person could be drugged and kidnapped lacks support and is not obviously relevant to the issue of pro bono counsel. Finally, Plaintiff's Complaint has been dismissed for lack of subject matter jurisdiction. The Motion for Appointment of Counsel is DENIED.

Finally, Plaintiff filed a Motion to Seal. ECF No. 1. Plaintiff's motion contains no reasoning. For all intents and purposes, it is a caption for a motion without any of the contents of a motion. Because Plaintiff has provided no reasoning, there is no basis for overcoming the strong presumption in favor of access. Therefore, Plaintiff's Motion to Seal is DENIED.

## CONCLUSION

For the reasons set forth above, Plaintiff's IFP petition, ECF No. 2, is GRANTED but the Complaint, ECF No. 3, is DISMISSED with leave to amend but without service on Defendants. Plaintiff shall have thirty (30) days in which to file an amended complaint. Plaintiff is advised that failure to submit an amended complaint within the allotted time will result in the entry of a judgment of dismissal without further notice. Plaintiff's Motion for Appointment of Pro Bono Counsel, ECF No. 4, is DENIED. Plaintiff's Motion to Seal, ECF No. 1, is DENIED.

It is so ORDERED and DATED this ____29th____ day of January 2026.


 /s/Ann Aiken
ANN AIKEN
United States District Judge